IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HEATHER REBECCA
LYN BAUGHMAN, *et al.*,

Plaintiffs, Case No. 3:23-cv-216

vs.

THE DAYTON MOTOR COMPANY, LLC d/b/a HARLEY DAVIDSON OF XENIA, *et al.*, District Judge Michael J. Newman

Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. No. 78)**

---

This civil case was previously scheduled for trial before Judge Rice without consideration on summary judgment, and is now on Judge Newman's docket following Judge Rice's retirement. Now before the Court is Plaintiffs' motion (Doc. No. 78), made through counsel, for reconsideration of the Court's Order requiring summary judgment briefing (Doc. No. 72). Defendants responded (Doc. No. 81), and Plaintiffs replied (Doc. No 82). This matter is now ripe for review. For the reasons set forth below, the Court denies Plaintiffs' motion.

Both parties agree that the Court has the authority to direct briefing on summary judgment *sua sponte*, but disagree as to whether it was appropriate in this case. *See* Doc. No. 81 at PageID 1154; Doc No. 82 at PageID 1164. Plaintiffs argue that reconsideration is proper because (1) there is "no good cause in the record" to depart from the previous scheduling order (Doc. No. 22), (2) there is no showing that either party was unable to comply with the previous scheduling order, and (3) further delay of trial will "substantially prejudice" Plaintiffs due to the changing availability of witnesses and the aging of some plaintiffs. Doc. No. 78 at PageID 1135–37. Defendants contend

that the Order (Doc. No. 72), "is interlocutory and therefore remains subject to revision under Fed. R. Civ. P. 54(b)." Doc. No. 81 at PageID 1152. Accordingly, Defendants argue that Plaintiffs' motion should be denied because Plaintiffs have not identified a valid justification for reconsideration which the Sixth Circuit has identified as "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* at PageID 1152–53 (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

Summary judgment is a tool that allows the court to "improve the machinery of justice" and "promote the expeditious disposition of cases" by "avoid[ing] unnecessary trials when no genuine issues of fact have been raised." 10A *Wright & Miller's Federal Practice & Procedure* § 2712 (4th ed. 2018). It is also well-recognized that "[d]istrict courts have inherent authority to manage their dockets to promote the efficient and expeditious disposition of cases." *Bell v. Washington*, No. 24-1578, 2025 WL 4036482, at *2 (6th Cir. Sep. 3, 2025) (citing *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)); *see also United States ex rel. Guzall v. City of Romulus, Mich.*, No. 17-2056, 2018 WL 3140001, at *10 (6th Cir. July 12, 2018) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (upholding district court's decision to allow summary judgment filing past dispositive motion deadline set forth in scheduling order)).

Additionally, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also* Fed. R. Civ. P. 56(f). "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action rather than a disfavored procedural shortcut." *Cincom Sys., Inc. v. Novelis Corp.*, 581 F.3d 431, 435 (6th

Cir. 2009) (internal marks omitted) (quoting *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1)). Even when a case is not fully resolved at the summary judgment stage, it is still a valuable procedural step for the court to narrow the issues for trial by determining "what . . . issues of fact are present for the jury to decide[] and make it possible for the court to render a judgment on the law when no disputed facts are found to exist." *Wright & Miller's Federal Practice & Procedure*, *supra*, § 2712.

Plaintiffs also raise concerns of prejudice as a result of this Court's order to brief summary judgment. Doc. No. 78 at PageID 1136–37. Plaintiffs specifically highlight that trial has been delayed twice and that this "passage of time has already affected the availability of evidence" because a witness has passed away, one Plaintiff is over the age of seventy, and two other witnesses are becoming uncooperative or claiming they no longer remember certain facts. *Id.*

While the Court is sensitive to Plaintiffs' concerns about witness recollection, there are adequate safeguards to alleviate such concerns. For example, under the Federal Rules of Evidence there are mechanisms to allow presentation of evidence when witnesses are unable to recall certain information or events. *See, e.g.*, Fed. R. Evid. 803(5) (exception to the prohibition on hearsay that allows a document or record to be read into evidence when a witness has forgotten the details). Moreover, the three years during which this case has been pending is not so substantial that it outweighs the Court's concern with determining whether a trial is warranted or whether the issues can be narrowed prior to trial. By remaining on the current course, the Court is better situated to ensure an expeditious resolution of the case, which in turn helps to limit the unnecessary expenditure of time and resources for both the Court and the parties. Accordingly, Plaintiffs' motion for reconsideration (Doc. No. 78) is **DENIED**.

**IT IS SO ORDERED.**

October 7, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge